## The Town of Lebanon *et al.*

*v.*

## The Ohio and Mississippi Railway Company.

1. Taxation—*a valuation essential to support a levy.* It is indispensable, to support a levy or assessment of taxes, that there be a valuation of the property.

2. Same—*constitutional limitation on taxing power.* The provision of the constitution of 1848, that all taxes shall be levied by valuation, so that every person and corporation shall pay a tax in proportion to the value of his or its property within the limits of the authority imposing the tax, is a limitation upon the General Assembly, as well as the taxing power of corporate authorities.

3. Same—*extending back taxes on future assessment.* The levy of corporate taxes for the years 1864 to 1869, inclusive, can not be extended upon the valuation for the year 1870, but must be extended upon the assessment for the several years for which the levies were made. The curative act of 1853 does not apply in such a case.

4. Chancery jurisdiction—*to restrain collection of taxes.* A court of equity has jurisdiction to restrain the collection of taxes where they have been levied without any authority of law, or where they have been assessed upon property not subject to taxation. If back taxes are extended upon the assessment of the current year, they will be without warrant of law, and their collection may be enjoined in equity.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

This was a bill in chancery, by the Ohio and Mississippi Railway Company against the town of Lebanon, J. W. Hughes, sheriff and collector, and school districts Nos. 3, 4, 6 and 7, in township 2 north, range 6 west, to restrain the collection of certain back taxes levied by said town and school districts upon the property of the complainant.

The opinion of the court contains a sufficient statement of the facts of the case to an understanding of the points decided. The court below granted the relief sought, and the defendants appealed.

Mr. Jehu Baker, and Mr. H. H. Horner, for the appellants.

Messrs. G. & G. A. Kœrner, for the appellee.

Mr. Chief Justice Scott delivered the opinion of the Court:

In the latter part of the year 1870, the county clerk of St. Clair county extended on the tax books of that county for that year, below the name of the Ohio and Mississippi Railway Company, and against its property denominated and described as "right of way," a tax, amounting in the aggregate to $3136.50, purporting to be arrearage or back tax on the property of the railroad company for the years 1864 to 1869, both years inclusive, in favor of certain school districts and the town of Lebanon. Although the property is described as the " right of way," it is understood the property in fact consists of all the property the company had in the county, including the rolling stock, and perhaps all personal property.

The collector of taxes for the county had levied upon a locomotive engine, and was about to expose it to sale to make the amount of taxes so levied, when it was replevied by the railroad company. That suit seems to have been dismissed because it was understood the question of the validity of the taxes could not be litigated in an action of replevin. This bill was then filed to enjoin the collection of the taxes. The circuit court decreed relief, and that decision is now assigned for error.

Many questions, presenting great difficulty, have been elaborately argued, but, in the view we have taken, it will not be necessary to consider all of them. The decision may be rested on a single point.

It is contested whether the proof offered shows any levy of taxes was in fact directed to be made by the proper authorities of the school districts and the town of Lebanon, in the several years for which the present tax was extended;

but, assuming that fact to have been proven by competent evidence, a graver question arises, viz : had the county clerk any authority, under the law, to extend a tax directed to be levied by local corporate authorities in the previous years 1864 to 1869, inclusive, upon the assessment of valuation made for the year 1870 ?

The general law in force during the years the several taxes were directed to be levied, required that all property should be assessed annually. Specific directions were given as to the manner of assessing property belonging to railroad corporations. Provisions were made for annual assessments. The basis of a levy for all taxes was, of course, the annual assessments or valuations.

The valuations were annually made as required by law, but no tax was extended on the several assessments from 1864 to 1869, inclusive, but the extension was made upon the valuation of a subsequent year. Confessedly this was irregular. for there is no law that expressly authorizes the county clerk to extend a tax directed to be levied for one year, upon the assessment for the next, or any subsequent year.

It is indispensable there must be a valuation to support every levy or assessment of taxes. If no other reason existed, it is sufficient the law has made it imperative. But the reason is obvious. In no other way could each person or corporation be made to pay a tax according to value on his or its property. The constitution of 1848 declares, all taxes shall be levied by valuation, so that every person and corporation shall pay a tax in proportion to the value of his or her property within the limits of the authority imposing the tax, such valuation to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct. Sections 2 and 5, art. 9, Const. 1848. This provision of the constitution could not be disregarded in the levy of any tax by any corporate authorities, and it was regarded as a limitation even on the power of the General Assembly. *Harward* v. *St. Clair Drainage Co.* 51 Ill. 130.

It will be observed, the taxes sought to be collected had been levied for the years 1864 to 1869, inclusive, but the extension of the taxes upon the tax-books was made on the basis of the county valuation or assessment made for the year 1870. This 'is without authority of law. It was, in effect, to extend a tax against a party where no valuation of his property had been made. As we have seen, there had been no tax extended on the valuations made of the property of the railroad company for any of the years for which it is insisted the tax had been directed to be levied. We are aware of no law that authorizes the clerk to extend the tax on the valuation for any future year. Sustaining these views of the law are the following cases: *Graves* v. *Bruen*, 11 Ill. 431; *Billings* v. *Detten*, 15 Ill. 218; *Thurston* v. *Little*, 3 Mass. 429; *Grangers* v. *Power*, 2 Pick. 392.

The curative act of 1853, to which reference has been made, confers no authority on the county clerk to extend this tax upon the valuation of 1870. It is no such irregularity as that statute aids. There is here no informality in making the assessment or tax lists, nor any delay in completing them within the time fixed by law; but the vice consists in the extension of a tax said to have been levied for certain years, not upon any valuation for those years, but, as we have seen, upon the valuation of a subsequent year, which is in no manner aided by the curative law. The fact the valuation for 1870 may have been really less than the valuations in any of the years from 1864 to 1869, inclusive, does not change the principle. If the act of the clerk in extending this tax against the property of the railroad company could be justified at all, it would be just as legal had the valuation been higher. It is invalid because there is no law that authorizes it.

Hence, it follows, there being a total want of authority in the county clerk to extend this tax against the property of the railroad company on the valuation of 1870, equity has jurisdiction to restrain its collection. The principle of all

the cases in this court on this subject is, that a court of chancery has jurisdiction, and, when invoked, will assume to exercise it in all cases where the tax has been levied without any authority of law, or where it has been assessed on property not subject to taxation.

The case at bar falls within the rule declared, and the decree of the circuit court must be affirmed.

*Decree affirmed.*