## LEE *et al.* v. TOWN OF MELLETTE, *et al.*

1. Inasmuch as Comp. Laws, §§ 1022-1094, relative to incorporated towns, do not expressly give a town authority to assess the cost of laying water mains against the abutting property, and an implication of such authority is repelled by the fact that such assessments for other improvements are expressly authorized, together with the fact that no power to tax exists independent of statute, a town has no authority to assess abutting property for laying mains.

2. Comp. Laws, § 4912, provides that a defendant may demur to the complaint when it shows on its face that causes of action have been improperly united, and section 4913 provides that failure to demur to such defect shall be a waiver of the same. *Held*, that, in a suit by two abutting owners to restrain a special assessment, failure to demur on the ground that two causes were united in one complaint waived the objection.

3. Where a city was totally wanting in authority to levy a certain special assessment, relief by injunction was proper.

(Opinion filed May 14, 1902.)

Appeal from circuit court, Spink county. HON. A. W. CAMP-BELL, Judge.

Suit by Sarah L. Lee and another against the town of Mellette and another. From a decree for complainants, defendants appeal. Affirmed.

The facts are stated in the opinion.

*Korns & Johnson,* for appellants.

*Thomas Sterling,* for respondents.

HANEY, P. J. The object of this action is to enjoin the collection of a special tax. Defendants being in default their application for leave to answer was denied on the ground that their proposed answer failed to state any defense. Judgment was entered in favor of the plaintiffs, and the defendants appealed.

The defendant corporation was created and governed by the law relating to incorporated towns (Comp. Laws, §§ 1022-1094). Did it have power to assess the cost of laying water mains in its streets against abutting property? "It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the power be plainly and unmistakably conferred. It has, indeed, often been said that it must be specifically granted in terms; but all courts agree that the authority must be given either in express words or by necessary or unmistakable implication, and that it cannot be collected by doubtful inferences from other powers, or powers relating to other subjects, nor can it be deduced from any consideration of convenience or advantage." 2 Dill. Mun. Corp. § 763. The statute was evidently framed with care, in harmony with the theory that the corporations provided for would possess only such powers as were conferred thereby. It is comprehensive and elaborate. The powers intended to be granted are enumerated with precision and in detail. Where no power existed prior to the operation of the statute, and none exists independently of it, the maxim, "*Expressio unius est exclusio alterius,*" is applicable. An examination of the statute will disclose no express authority for making abutting property owners pay for water mains, while it does expressly authorize special assessments for other clearly defined street improvements. No power, either express or implied, existed to levy the taxes against the plaintiffs' property, collection of which is sought to be enjoined, and such taxes are entirely illegal.

The objection that two causes of action in favor of different plaintiffs are united in the complaint, if ever valid, was waived by defendants' failure to demur. Comp Laws, §§ 4912, 4913.

The contention that plaintiffs are not entitled to an injunction

is untenable.   Where, as in this case, there is a total want of authority to levy the tax, relief by injunction may properly be allowed. Dakota Loan & Trust Co. v. Codington County, 9 S. D.  159, 68 N. W. 314; Town of Lebanon v. Ohio & M. Ry. Co., 77 Ill. 539; Kimball v. Trust Co., 89 Ill. 611; Allwood v. Cowen, 111 Ill. 481.

The judgment of the circuit court is affirmed.