## JOE HINES AND ANOTHER v. JOHN Z. BAUER.[1]

February 29, 1924.

No. 23,755.

**Reformation of deed sustained by convincing evidence.**

1. The evidence in an action to reform a deed *held* sufficient to support the findings for plaintiff, under the rule that the evidence in such a case be clear, unequivocal and convincing, and something more than a mere preponderance.

**Reformation of written contract based on actual agreement as to its terms.**

2. This case *held* to be within the rule that a written contract may be reformed where there has been an actual agreement between the parties as to the terms to be expressed by the instrument prepared pursuant to the agreement, which fails to express the intended terms, because of mutual mistake, or mistake on one side and fraud or inequitable conduct on the other.

Action in the district court for Pipestone county to reform a deed. The case was tried before Nelson, J., who made findings and ordered judgment in favor of plaintiffs. From an order denying his motion for amended findings and for a new trial, defendant appealed. Affirmed.

*James H. Hall* and *Evans & Evans*, for appellant.

*C. T. Howard*, for respondents.

STONE, J.

In this action for the reformation of a deed, there was a trial by the court and findings for plaintiff. Defendant appeals from the denial of a new trial.

The controversy arises out of the sale and conveyance by plaintiffs to defendant of a 240-acre farm which, at the time, was subject to three mortgages. On the quarter section there was a first mortgage for $13,000; on the eighty, one for $5,000; and, junior to both of them, one for $10,500, covering the whole farm.

[1]Reported in 197 N. W. 483.

The deed from plaintiffs to defendant mentioned these mortgages, but only to the extent of excepting them from the covenant against encumbrances. It contained no undertaking by the grantee, defendant, to assume and pay the mortgage indebtedness. The so-called assumption clause which characterizes many conveyances of land similarly encumbered was absent.

The complaint charges that the absence of an assumption clause was due solely to the mistake of the scrivener, a banker, who prepared the deed; that there was a pre-existing written contract for the conveyance of the farm to defendant whereby he agreed, as a part of the consideration, to assume the payment of the entire mortgage indebtedness; and that it was understood that the same undertaking would be incorporated in the deed. The relief prayed for is a reformation of the deed so as to impose on defendant, as grantee, the obligation to assume and pay the whole mortgage indebtedness.

The record presents no questions of law and nothing can be gained by any extended statement of the evidence. It was conflicting. Somebody wasn't telling the truth. The plaintiffs convinced the learned trial judge that the truth and right of the matter were on their side. There is ample evidence to support that conclusion, and we cannot interfere with the result.

We have not overlooked the rule that one seeking the reformation of a written contract must establish his right by "evidence that is clear, unequivocal and convincing," and that "something more than a mere preponderance of evidence is required." Barnum v. White, 128 Minn. 58, 150 N. W. 227, and cases cited.

We are not dealing here with a mutual mistake of fact, which avoids a contract. We are considering the very different situation arising from mistake in the final expression of a contract, in the actual making of which there was no mistake at all. That sort of mistake does not avoid a contract. It calls only for its reformation to make it conform to the real intention of the parties.

That the actual contractual assent of the parties was to the agreement claimed by plaintiffs, and that the failure of the deed properly to express it was a mutual mistake of expression, such as

should be relieved against by the equitable remedy of reformation, is established by the decision below. The record presents no reasons for disturbing it.

This is not a case of the mere careless signing of an instrument by one party, who thereafter seeks to avoid or change it, and thereby impose on the other party obligations he never assumed. Here the evidence for plaintiff tended to show—and it was believed by the trial court—that, when the deed was prepared, defendant was already bound to assume and pay the mortgage indebtedness.

It must also be taken as settled by the findings that plaintiffs, when they signed the deed, assumed and had a right to assume, that it contained the assumption clause. This follows from the finding that the absence of such a clause was due to "mistake and inadvertence in making said deed."

The case is controlled by the rule discussed, but found not to apply, in Barnum v. White, supra. It is to the effect that a written contract may be reformed where there has been an actual agreement between the parties as to the terms to be expressed in their written contract and the instrument prepared pursuant to such agreement fails to express the intended terms, because of mutual mistake, or mistake on one side, and fraud, or inequitable conduct on the other.

Here the decision below settles what the original agreement must be taken to have been. It settles also that the failure of the deed to express it correctly was due to inadvertence and mistake.

It does not help defendant to urge that he was not a party to the mistake, for, if the agreement was as found below, and he knew of the omission of the assumption clause, his silence—his duty being to speak—amounts to inequitable conduct which will now prevent his assertion that the mistake was not mutual.

The case is not within the rule discussed by Chief Justice Gilfillan in the latter portion of the opinion in Follansbee v. Johnson, 28 Minn. 311, 9 N. W. 882. There, in an action to which the grantor was not a party, it was offered to be shown in evidence that an assumption clause had been fraudulently inserted in a deed. The evidence was excluded because the offer did not indicate "that the

defendant was induced to accept the deed just as it was by some fraudulent act or representation on the part of the grantors"—who were not parties to the suit. Had they been; had the suit been for reformation and the offer been to prove, as against the grantors, that the objectionable clause had been inserted by a scrivener and through the mistake and inadvertence of all concerned, the result would have been different. Especially would it have been so, had there been, as there was here, proof of a pre-existing written contract of sale, pursuant to which it was supposed that the deed had been prepared.

The assignments of error not covered by the foregoing discussion have been examined and found not to present reversible error.

There is one, going to the alleged absence of foundation for the testimony of Mrs. Hines concerning the contents of the missing contract, which would present a serious question had not the foundation been pretty well completed by her cross-examination. She was then asked how many times she had read the document and she answered: "Quite a number of times, because I didn't understand it."

True, she was not even then asked how much of the document she could remember—in substance or otherwise. She might well have been so interrogated. But, particularly by reason of her quoted cross-examination, she had shown sufficient familiarity with the instrument so that it was no abuse of discretion to admit her testimony, which, when admitted, indicated either a knowledge of the contract in question or of what had to be proven to sustain plaintiff's case. It was for the trial judge to say which it was. He was convinced of the truth of her testimony, and, as already observed, it is not for us to disturb the result.

Order affirmed.