MARY LEACH v. F. R. LEACH AND ANOTHER.[1]

February 27, 1925.

No. 24,384.

**Definition of advancement.**

 1. In its legal sense, an advancement is an irrevocable gift in praesenti made by a parent to a child or other lineal descendant to enable the donee to anticipate his inheritance to the extent of the gift. Whether there was an advancement or not depends on the intention of the donor.

**Advancement not defeated by promise to pay interest.**

 2. The fact that the donee promised to pay interest to the donor does not defeat the claim that an advancement was intended.

**When court will treat defective note as reformed.**

 3. Under the pleadings and the evidence, the jury might find that money received by a son from his mother was intended to be an advancement; that neither party intended that the relation of debtor and creditor should arise; that the mother was to receive interest as long as she lived; that a note given to the mother providing for the payment of the principal as well as interest thereon, by reason of a mutual mistake, did not express the agreement which the parties actually made. To defeat a recovery on the note, it was not necessary to have the instrument reformed. The right to a reformation may be shown defensively, and, if so shown, the court will treat the defective instrument as reformed.

**Facts pleaded in answer.**

 4. The answer pleads facts sufficient to furnish a basis for proof of an advancement.

**Jury warranted in finding advancement was made.**

 5. The evidence was sufficient to warrant the jury in finding that an advancement was made by the appellant to her son. The subject matter of the gift was money and not the note.

[1]Reported in 202 N. W. 448.

**Judgment not a bar to action for interest on note.**

6. Although appellant had the right to interest on the money advanced, there was no error in the failure to award it to her in this action, brought to recover on the note. The judgment will not bar a subsequent action to recover the interest.

*Headnote 1. See Descent and Distribution, 18 C. J. p. 911, § 201; p. 917, § 218; Parent and Child, 29 Cyc. p. 1659.

Head note 2. See Parent and Child, 29 Cyc. p. 1659 (1926 Anno).

Headnote 3. See Actions, 1 C. J. p. 1051, § 182; Bills and Notes, 8 C. J. p. 716, § 1001.

Headnote 4. See Descent and Distribution, 18 C. J. p. 933, § 256.

Headnote 5. See Parent and Child, 29 Cyc. p. 1663.

Action in the district court for Hennepin county to recover $2,060. The case was tried before Waite, J., and a jury which returned a verdict in favor of defendant Eva L. From an order denying her motion for judgment against defendant Eva L., notwithstanding the verdict, or for a new trial, plaintiff appealed. Affirmed.

*John Walso* and *Carl A. Youngquist*, for appellant.

*Adolph E. L. Johnson* and *John N. Berg*, for respondent.

LEES, C.

This action was brought on a promissory note of $2,000, dated July 1, 1912, payable ten years after date, executed by defendants, who are husband and wife, to appellant, who is the mother of F. R. Leach. He made no defense, but his wife, the respondent here, answered, alleging that at or about the time when the note was executed appellant agreed to advance and give F. R. Leach the sum of $2,000 to aid him in building a house, to be occupied by him and his wife as their home; that the offer was made on account of his future interest in appellant's estate as one of her prospective heirs; that the real agreement was that the amount advanced should not be repaid or returned to appellant, and, if the note provided for the repayment of the money, the provision did not truly state the conditions upon which the money was obtained; that at appellant's death the amount advanced was to be deducted from F. R. Leach's share of her estate; that it should bear interest

as long as appellant lived, and that interest had been paid up to January 1, 1922.

Appellant proved the execution of the note, introduced it in evidence and rested. Evidence tending to substantiate the allegations of the answer was received and contradictory evidence in rebuttal. Appellant then moved for a directed verdict for the face of the note, the unpaid interest, and $150 attorney's fees. The motion was denied and the jury returned a verdict in respondent's favor.

Other attorneys were substituted for those who tried the case for appellant and they moved in the alternative for judgment or a new trial and prosecute this appeal from an order denying the motion.

The vital question is whether the trial court erred in receiving evidence of declarations made by appellant when the note was executed, and before and after, to the effect that the money represented by the note was given to and accepted by appellant's son as an advancement.

1. A good definition of an advancement is found in 18 C. J. p. 911:

"In its legal sense * * * an advancement is an irrevocable gift in praesenti of money or property · * * * to a child by a parent to enable the donee to anticipate his inheritance to the extent of the gift."

The law of advancements was discussed in Kragnes v. Kragnes, 125 Minn. 115, 145 N. W. 785, and in Kuhne v. Gau, 138 Minn. 34, 163 N. W. 982, but a few additional observations may not be out of place.

Although an advancement is in the nature of a gift, it differs from the ordinary gift in that, while the property or money given need not be returned or repaid, it must be accounted for by the donee upon the distribution of the estate of the donor, sections 7404-7407, G. S. 1913. Whether a particular gift was an advancement is a question to be determined by ascertaining the intention of the donor at the time the gift was made. 3 Woerner, Adm. (3d ed.) p. 1884.

2. A promise to pay interest on the sum received is a circumstance to be considered in determining whether a gift or a loan was

intended, but such a promise does not compel the conclusion that as to the principal sum the relation between the parties is that of debtor and creditor. Baum v. Palmer, 165 Ind. 513, 76 N. E. 108; Doty v. Willson, 47 N. Y. 580.

In Kragnes v. Kragnes, supra, the note upon which suit was brought bore interest, and part of the principal and interest for six years had been paid, nevertheless it was held that it was competent for defendant to prove that he received the principal from his father as a gift in the nature of an advancement.

3. It is an admitted fact that the makers of this note intended to pay and are bound to pay interest. To that extent at least the note expresses the true agreement of the parties. To permit respondent to testify that the note was intended to obligate her husband for the payment of interest only, nothing more being shown, would certainly trench upon the rule excluding parol evidence to vary or contradict the terms of a written instrument. Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139. But the facts pleaded and proved to the satisfaction of the jury established a gift of $2,000, to be deducted after the death of the mother from her son's share of her estate. If it was the intention of the parties that the relation of debtor and creditor should not exist, they made a mistake in wording the note as they did. The note is presumed to set forth correctly the agreement they made, but parol evidence is admissible to show a mutual mistake in reducing the terms of the agreement to writing. If the note were reformed by striking out the provision for the payment of the principal, it would express the true agreement of the parties and prejudice the rights of no one. Although the provisions of the note were known when it was executed, the parties were mistaken as to the legal effect of the instrument. In such a case, equity will correct the mistake and make the instrument conform to the true agreement, for the rigor of the doctrine that there can be no reformation for a mistake of law has been greatly relaxed. Hines v. Bauer, 158 Minn. 298, 197 N. W. 483; Dun., Minn. Dig. and Supp. § 8330.

Had the respondent brought suit for a reformation of the note, she would have prevailed if she established to the satisfaction of the

court the facts upon which she here relies as a defense. Under the code system of pleading, all distinctions between actions at law and suits in equity, and the forms thereof, have been abolished, and in any action the defendant may plead all equities in his favor existing at the time of the commencement of the action or afterwards and before the service of the answer. Sections 7673, 7756, G. S. 1913. If, under the old practice, the facts would entitle the complainant to relief in a court of chancery, he may now plead them by way of defense to an action at law. Probstfield v. Czizek, 37 Minn. 420, 34 N. W .896; Travelers Ins. Co. v. Walker, 77 Minn. 438, 80 N. W. 618. In the case at bar respondent had an equity which, if worked out, would defeat a recovery of the principal of the note. Instead of following the cumbrous mode of procedure which formerly prevailed, she could plead defensively any facts which would give her a right to have the note reformed. An actual reformation was not necessary, for, if the right to a reformation is shown, the court should treat the defective instrument as reformed. Rogers v. Castle, 51 Minn. 428, 53 N. W. 651; Scofield v. Quinn, 54 Minn. 9, 55 N. W. 745; Pomeroy, Code Remedies, §§ 30, 31, 32, 34.

The answer states facts sufficient to give respondent the right to a reformation of the note. There is no demand for affirmative relief, but that is unnecessary. An equity may be pleaded as a defense, that is, as an obstacle which prevents a recovery. The statute so provides and the courts so hold. Pomeroy, Code Remedies, § 29. Proof of the facts pleaded is not admitted to vary the terms of the note. It is received to show the mutual misapprehension under which the parties labored when the note was executed; to show that what erroneously purports to be their contract is not the contract they intended to make or did make.

4. The sufficiency of the answer is questioned on the ground that it fails to plead that the money represented by the note was received as an advancement. The answer is not a model of clarity, but it does state sufficient facts to furnish a basis for the defense relied upon.

5. In examining the evidence, we have kept in mind the rule of Hooper v. Vanstrum, 92 Minn. 406, 410, 100 N. W. 229, that

when a voluntary gift of property is claimed, the claim should be subjected to close scrutiny and rejected unless supported by satis-factory and convincing evidence, and have concluded that the evidence was sufficient to warrant the jury in finding that appellant gave the money to her son as an advancement. The fact that she received and has always held the note is of no consequence. If a gift was intended, it was clearly a gift of money and not of the note.

No doubt there was a consideration for the promise to pay interest, but none for the payment of the principal of the note, for, if the money was received as an advancement, the amount will be deducted from the son's share in the mother's estate if she dies intestate, and is not otherwise recoverable because the gift was irrevocable and there is no consideration for a promise to refund the subject of a gift.

6. The action was begun in July, 1922. At that time six months' interest was due and unpaid. Liability for the interest cannot be disputed. In ruling on appellant's motions, the trial judge said that the action was on the note and no interest could be recovered except as incidental to the recovery of the principal; that no suggestion to the contrary was made at the trial, and, therefore, the failure of the jury to find a sum due as interest is of no avail to respondent. We think this is the correct view and that the judgment which may be entered in this action will not bar a subsequent action for the recovery of interest.

The other assignments of error do not require discussion.

Order affirmed.