**Hyman ROSEN and Harry Grossman, Appellants,**

v.

**WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a corporation, Appellee.**

No. 15634.

United States Court of Appeals Eighth Circuit.

Jan. 24, 1957.

Eugene L. Heck, Minneapolis, Minn. (Geo. N. Guttmann and Samuel D. Finkelstein, Minneapolis, Minn., were with him on the brief), for appellants.

M. L. Culhane, Minneapolis, Minn. (M. E. Culhane and James E. Culhane, Minneapolis, Minn., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and VAN OOSTERHOUT and WHITTAKER, Circuit Judges.

GARDNER, Chief Judge.

Appellee brought this action against appellants to recover on a promissory note which on its face appeared to be signed by Northtown Furniture Company, Hyman Rosen and Harry Grossman. The complaint was in conventional form. In their answer defendants claim that the note was solely an obligation of the maker, Northtown Furniture Company, that they signed the note on behalf of the corporation only in their capacities as officers of the corporation, that the parties to the note did not intend to bind themselves personally and that there was an absence of consideration running to them. They prayed as affirmative relief, for judgment reforming the note to conform to the intention of the parties and that they be found not personally nor individually liable thereon. The case was tried to the court without a jury. In support of its cause of action plaintiff introduced the promissory note described in its complaint and which we here reproduce as follows:

"$17082.44          June 3, 1954

"Sixty days after date I-We promise to pay to the order of Westinghouse Electric Supply Co., Seventeen thousand eighty-two and 44/100— Dollars Payable at 254 E. 4th St., St. Paul, Minn.

                 "Northtown Furniture
"Value received        Company
"Due 8/2/54       Hyman Rosen
              "Harry Grossman"

Nonpayment being admitted, the plaintiff rested, whereupon the defendants sought to prove by the credit manager of plaintiff that the note in fact represented an indebtedness of the Northtown Furniture Company and that the corporation, as well as the defendants, understood and knew that it was executed as a note of the corporation and not as an obligation of the defendants. Thereupon plaintiff interposed the following objection:

"Your Honor, we object. The defendants are barred from putting in any further testimony.

"Now in our suit there is no dispute that Northtown Furniture, Incorporated, is on the note and this isn't a suit against them. We are merely suing the two individuals and they haven't indicated in what capacity they have signed, so, therefore, Judge Nordbye's opinion, Otis Elevator Company v. Standard Construction Co., D.C.Minn., 92 F.Supp. 603, 610, is determinative of the issue that a person who signs a contract in his own name without indicating that he signs as agent of another person is bound by the contract (individually).

"Therefore, our motion is that the defendant is not permitted to introduce any evidence at all to escape his personal liability."

The trial court sustained the objection observing that:

"That is a matter for evidence. It appears to me there is no ambiguity on the face of this note. My view is that parol evidence is not admissible to vary it. Your objection is sustained."

Whereupon the defendants made an offer of proof as follows:

"The defendants contend that the note is ambiguous to the extent that the words 'Northtown Furniture Company' have been printed just above the defendants' signatures.

"The defendants therefore make an offer of proof that if permitted to ask that question and other questions along that line, the proof would show and we offer to show: The note was presented to these two defendants, in blank and the defendants, to insure themselves that they were signing in a corporate capacity, had the name 'Northtown Furniture Company,' printed above the signature lines; and then the two defendants signed their names without knowing that it was necessary to include the word 'By' and to designate their corporate offices;

"The word 'we' was either inserted by one of these individuals or at the instance of one of the individuals believing that would prevent the note from binding them individually;

"All of the parties intended that the note be delivered in payment of a corporate obligation; and at the time it was signed and delivered to the plaintiff, the plaintiff knew it was accepting it as a corporate note and not as a note of the two defendants;

"The plaintiff first billed the corporation monthly for the debt as an open account obligation and then later billed the corporation as a note payable account, but all billings were always billed to the corporation and no demand was ever made on the defendants on this note until they were actually served with the summons and complaint in this action;

"The plaintiff intended the note to be a corporate debt and did not look to the defendants until after the corporation was adjudicated a bankrupt and the plaintiff had filed a proof of claim with the Referee in Bankruptcy for the same obligation, apparently recognizing it to be the obligation of the corporation; and

"The plaintiff obtained the note strictly for the benefit of the plaintiff and the corporation, and there was no consideration passing between the defendants and the plaintiff.

"If permitted to show all these facts, which we offer to prove, the note will unquestionably be shown to be the obligation of the Northtown Furniture Company, and not an obligation of the defendants because they did not sign as guarantors or makers."

Counsel for plaintiff objected to the offer of proof and moved for judgment in plaintiff's favor. The court then sustained the objection and granted plaintiff's motion for judgment. The court

then entered findings of fact and conclusions of law finding the issues in favor of plaintiff and from the judgment entered thereon defendants prosecute this appeal.

■■ The trial court, being of the view that there was no ambiguity on the face of the note, held that parol evidence was inadmissible to vary its terms. The defendants were seeking affirmative relief claiming that the note did not express the understanding and intention of the parties to the instrument and they specifically asked that it be reformed. We think it is not necessary, as a prerequisite to the reformation of an instrument to conform to the intention of the parties, that the instrument on its face be ambiguous. It is a universal rule of equity in suits to reform written instruments that parol evidence is admissible to establish mutual mistake and to show how the instrument should be corrected to reflect the actual intent of the parties thereto. Leach v. Leach, 162 Minn. 159, 202 N.W. 448; Murray v. Gadsden, 91 U.S.App.D.C. 38, 197 F.2d 194, 33 A.L.R.2d 554; Cabrera v. American Colonial Bank, 214 U.S. 224, 29 S.Ct. 623, 53 L.Ed. 974; Walden v. Skinner, 101 U.S. 577, 25 L.Ed 963; 45 Am.Jur., Reformation of Instruments, Sec. 113, p. 650. In Leach v. Leach, supra, the prevailing rule in Minnesota is stated as follows [162 Minn. 159, 202 N.W. 449]:

"If it was the intention of the parties that the relation of debtor and creditor should not exist, they made a mistake in wording the note as they did. The note is presumed to set forth correctly the agreement they made, but parol evidence is admissible to show a mutual mistake in reducing the terms of the agreement to writing. If the note were reformed by striking out the provision for the payment of the principal, it would express the true agreement of the parties and prejudice the rights of no one. Although the provisions of the note were known when it was executed, the parties were mistaken as to the le-

gal effect of the instrument. In such a case equity will correct the mistake and make the instrument conform to the true agreement, for the rigor of the doctrine that there can be no reformation for a mistake of law has been greatly relaxed. Hines v. Bauer, [158 Minn. 298] 197 N.W. 483; Dun.Dig. & Supp. § 8330."

In American Jurisprudence, supra, the applicable law is thus stated:

"It is practically a universal rule that in suits to reform written instruments on the ground of fraud or mutual mistake, parol evidence is admissible to establish the fact of fraud or of a mistake and in what it consisted, and to show how the writing should be corrected in order to conform to the agreement or intention which the parties actually made or had, and this, even though the instrument in question is within the statute of frauds. * * * Evidence of fraud or mistake is seldom found in the instrument itself, and unless parol evidence may be admitted for the purpose of procuring its reformation, the aggrieved party would have as little hope of redress in a court of equity as in a court of law.

"Generally, it may be said that any testimony which tends to prove the mistake alleged or the intention of the parties is admissible."

The decision reported in Otis Elevator Co. v. Standard Const. Co., D.C.Minn., 92 F.Supp. 603, and relied on by plaintiff, is readily distinguished. There was no attempt in that case to reform the writing and the general rule against varying the terms of a written instrument by parol was properly applied.

■ We conclude that defendants were entitled to introduce parol testimony to prove the affirmative defense of mutual mistake as the basis for seeking a reformation of the note in suit. The judgment is therefore reversed with directions to grant defendants a new trial.