**Angelo VAKAS, Appellant,**

v.

**Philip MANUEL et al., Appellees.**

**No. 16915.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 18, 1962.

Decided Feb. 14, 1963.

Mr. John L. Laskey, Washington, D. C., with whom Mr. Andrew D. Vozeolas, Washington, D. C., was on the brief, for appellant.

Mr. William Edison Owen, Washington, D. C., for appellees, Philip C. Manuel and Annie C. Manuel.

Asst. Atty. Gen. Ramsey Clark and Mr. Roger P. Marquis, Atty., Dept. of Justice, entered appearances for appellee, United States.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from an order of the District Court granting appellees' motion to "dismiss claim of tenant" and denying appellant's claim in a condemnation proceeding.

In 1947, the appellant (Vakas, tenant) entered into a lease with the appellees (Philip Manuel and Annie Manuel, landlords) for a term of ten years. Upon the expiration of this initial lease, the parties entered into a second lease which was materially different from the former agreement and which was for a term of five years. This second lease contained *inter*

*alia* a condemnation clause depriving the tenant of any interest under the lease in case of condemnation of the property by governmental action. No objection was raised by the tenant to this clause.

Shortly after the execution of the second lease, Vakas became dissatisfied with two of its provisions, viz., the five-year term and the requirement that the tenant make certain repairs. He desired a five-year term with a five-year option, and wished the landlords to pay for some of the repairs on the premises. The landlords sent their son, a law student, to see Vakas to discuss the latter's objections to the lease.[1] Upon the recommendation of their son, the landlords agreed to pay for the repairs in dispute and to give Vakas the five-year option he wanted.

The son took the lease then in effect, struck out the clause requiring the tenant to make the repairs in dispute, and added a provision for the five-year option. He then gave this amended draft to his mother, who, in turn, was to give it to the son's girl friend to retype. Somehow the draft became confused with the expired instrument, and the girl received the wrong lease to type. This she did, and the parties executed the document, apparently without being aware that the rewritten lease did not contain the condemnation clause present in the second lease.

In 1960 the property was condemned, and the present dispute arose. The tenant entered a claim in the condemnation proceeding. The trial court, after the taking of testimony, denied appellant's claim and granted appellees' motion to dismiss. The court determined as a matter of fact that the final lease "did not express the agreement of the parties, that there was no intention to eliminate certain provisions, particularly the condemnation clause which was originally in" the first renewal lease. The trial court concluded "that the condemnation clause * * * is still binding on the parties." From that determination, appellant has appealed to this court.

■■ Essentially, appellant's contention is that the trial court erred in admitting parole evidence to alter the terms of a clear and unambiguous instrument. Certainly parole evidence is admissible to clear up ambiguity. It is also admissible when reformation is sought,[2] "the purpose of which is to make a mistaken writing conform to antecedent expressions on which the parties agreed."[3]

In the trial court appellees contended that the final lease offered as evidence of the agreement between the parties was not in fact an accurate memorial of their understanding, and were permitted to show that the actual agreement with appellant was embodied in the earlier renewal lease, which had been modified by the two (and only two) specific changes requested by Vakas. The landlords also were permitted to show that the condemnation clause was omitted in the transcription of the later renewal lease through inadvertence. Appellees claim that because of this mistake, of which both parties were mutually unaware, the final lease should be reformed and the missing provision included. In such a circumstance, the trial court was correct in receiving testimony as to the real understanding of the parties.

Since parole evidence was admissible, the only other objection that appellant might have presented was that the evidence was insufficient to show the actual agreement between him and the landlords or that the condemnation clause

---

1. There was testimony that Vakas and appellees' son did not discuss the condemnation clause and, so far as appears, it was never in issue until the property was condemned.

2. Rosen v. Westinghouse Electric Supply Co., 240 F.2d 488 (8th Cir., 1957); Sanders v. Monroe, 56 App.D.C. 132, 10 F.2d 997 (1926); 3 Corbin on Contracts, § 614 (1960); see also Murray v. Gadsden, 91 U.S.App.D.C. 38, 197 F.2d 194, 33 A.L.R.2d 554 (1952); Hawkins v. Fradkin, 85 U.S.App.D.C. 310, 178 F.2d 705 (1949).

3. 3 Corbin on Contracts, § 614 (1960).

was inadvertently omitted. Appellant did not present this point, for the uncontradicted evidence clearly shows the real agreement between the parties and, further, that the missing clause had been omitted by mistake. Appellees have met that most demanding burden of proof, which is required in such a case.[4]

It follows that the decree of the District Court must be and is

Affirmed.

4. See, e. g., Maryland Casualty Co. v. Morris Oil Corp., 233 F.2d 291 (4th Cir., 1956); United States v. Arkansas Power & Light Co., 207 F.2d 943 (8th Cir., 1953).