### CIRCUIT COURT OF THE CITY OF ALEXANDRIA

David Birkett

    v.

Gerald Pyles et al.

Case No. (Chancery) 12496

By JUDGE WILEY R. WRIGHT, JR.

August 31, 1982

The complainant brought this suit to reform a personal yacht insurance contract issued to him by the defendant, The Travelers Indemnity Company, hereinafter referred to as Travelers, by deletion of the lay-up warranty contained in the policy. He also seeks an award of damages for the cost of repairs to his sport-fishing yacht, the "Shadow Fax." This controversy arose because the complainant's yacht sustained exten-

sive storm damage during the time period embraced by the lay-up warranty, and Travelers, disclaiming coverage, refused to pay for the repairs. The complainant says that the lay-up clause was mistakenly included in the policy and should be deleted. Travelers counters that the complainant brought his misfortune on himself.

In Bankers Fire Insurance Company v. Henderson, 196 Va. 195, 93 S.E.2d 424 (1954), the Supreme Court of Appeals recognized the jurisdiction of a court of equity to reform a written contract for mutual mistake, or for mistake on one side accompanied by fraud or other inequitable conduct on the other. The Court also noted that a mistake by an agent concurred in by an insured is a mutual one affording a basis for reformation. Thus, this Court may grant reformation if the complainant proves his entitlement thereto.

The parties agree that the complainant is required to prove his right to reformation by evidence that is clear, convincing and free from reasonable doubt. The requirement for this high degree of proof is found in Temple v. Virginia Auto Mutual Ins. Co., 181 Va. 561, 569, 25 S.E.2d 268 (1943); State Farm Mutual Ins. Co. v. Miller, 194 Va. 589, 594, 74 S.E.2d 145 (1953); and Bankers Fire Insurance Company v. Henderson, supra, 196 Va. at p. 206.

During the trial of this cause, I closely observed the manner and demeanor of each witness; and I am satisfied from the evidence that the transactions between the complainant and the defendant, Gerald Pyles, occurred essentially in the manner described by the complainant. Specifically, I find that the complainant offered to let Pyles obtain his insurance on the "Shadow Fax" only on condition that the new policy provide the same coverage as the complainant's MOAC policy, which did not contain a lay-up provision, and that Pyles accepted this condition. I further find that thereafter the complainant inquired of Pyles about the navigational limits of his policy in connection with a contemplated trip to Bimini, which was to take place within the time span of the lay-up clause, and that Pyles assured the complainant he would check

into it and make sure the complainant had coverage. Significantly, no mention was made of the lay-up clause during the latter conversation. If not sufficient to prove fraud, the evidence clearly establishes a mutual mistake.

Travelers contends that the complainant is not entitled to reformation because he failed to read his policy and discover the lay-up warranty. Travelers says that this was negligence which precludes relief. Although there are cases in which failure to read the instrument in question has been held to be negligence, the prevailing rule in regard to insurance policies is to the contrary. See Dickenson Bank v. Oil Exchange, 157 Va. 94, 111, 160 S.E. 13 (1931); Maryland Casualty Company v. Morris Oil Corporation, 233 F.2d 291 (4th Cir. 1956). Under the circumstances of this case, the failure of the complainant to read his policy does not bar relief.

Travelers says that, even if the complainant prevails on the issue of reformation, he is nonetheless barred from recovery because he failed to exercise due diligence in the operation of his yacht as required by paragraph 6(b)(2) of Section 1 of the policy provisions. It is true that the complainant ran afoul of a severe storm; however, when considered in light of the seaworthiness of his yacht and the weather conditions existing and forecast at the time he departed the Oregon Inlet Fishing Center, I do not find his conduct in proceeding offshore to be tantamount to a lack of due diligence.

The "Shadow Fax" was in excellent condition when she departed the South River on Chesapeake Bay and it is undisputed that she was heavily damaged in the storm off Cape Hatteras. The parties have stipulated that fifty percent of the bill for repainting is attributable to storm damage, and the disputed items of repair are the propellers, the generator and the starboard engine. I have reviewed the evidence pertaining to these items and have concluded that, with the exception of one propeller, the repairs were all

causally related to the storm and were reasonable and necessary.

The Court will decree reformation of the insurance contract issued to the complainant by Travelers and will award a judgment against Travelers for the cost of repairs minus the cost of one propeller, the deductible and the additional premium.

## February 16, 1983

On December 20, 1982, the Court held an ore tenus hearing on the cross-claim of The Travelers Indemnity Company against Gerald Pyles and Equitable Insurance Agency, Inc., the cross-claim of Equitable Insurance Agency, Inc. against The Travelers Indemnity Company and the cross-claim of Gerald Pyles against The Travelers Indemnity Company. At the conclusion of the evidence, the Court granted The Travelers Indemnity Company summary judgment against Gerald Pyles.

Having considered the evidence and the authorities cited by counsel, I have reached the following conclusions:

1. Gerald Pyles was not acting as the agent of the Equitable Insurance Agency and his acts are not attributable to said agency;

2. Equitable Insurance Agency, Inc. is liable for the act of its employee, Nancy Howell, in signing the name of David Birkett to the application for the personal yacht policy which is the subject of this cause; and

3. Inasmuch as the Travelers Indemnity Company would have written the policy if it had been properly signed by Birkett, Travelers may recover only the difference in the premium between the policy requested and the policy actually issued ($292.00) plus a reasonable attorney's fee in the amount of $7,695.00 and expenses in the amount of $2,044.54.

March 23, 1983

Final Decree and Order

Upon motion of counsel for cross-claimant, The Travelers Indemnity Company, upon motion for reconsideration by defendant, the Equitable Insurance Agency, and upon oral argument, it is hereby ORDERED that The Travelers be entitled to recovery of reasonable attorney's fees and expenses incurred in the defense of the complainant's claim against it as an element of its indemnity damages recovery against it as an element of its indemnity damages recovery against the Equitable. It is further ORDERED and this Court so finds that the amount of such fees and costs is hereby deemed to be for fee $7,695.00 and for expenses $2,044.54, for a total of $9,739.54.

This Court further finds based on the evidence and authorities presented at the June 30, 1982, trial of the complainant's action as well as the December 20, 1982, trial of the cross claims that The Travelers is entitled to summary judgment on the cross claim against Gerald Pyles with a recovery of $292.00 together with attorney's fees and expenses in the amount of $9,739.54.

Further the Court finds that Gerald Pyles was not acting as an agent of the Equitable Insurance Agency and his acts are not attributable to the Equitable but that the Equitable Insurance Agency is liable for the act of its employee, Nancy Howell, for her signing the name of the insured to the insurance application for the subject personal yacht policy. This Court also finds that since The Travelers Indemnity Company would have written the reformed insurance policy had said policy been properly applied for by the insured, the damages to which The Travelers is entitled on its cross claim of indemnity against the Equitable are the aforesaid attorney's fees and expenses together with the difference in premium between the policy as issued and the policy as reformed by this Court, said difference in premium being $292. The total recovery against the Equitable is accordingly $10,031.54,

liability for attorney's fees and expenses being joint and several with such liability of Gerald Pyles for said amounts.

This matter is hereby dismissed from the docket with prejudice.