EARLE AND McNIER
vs.                    } JULY TERM, 1849.
DAWES ET AL.

[ILLEGITIMATE CHILDREN—CONSTRUCTION OF DEEDS—CONDITION PRECEDENT.]

A WOMAN died intestate, leaving an illegitimate son and other children born in lawful wedlock. *Held*, that by the Act of 1825, ch. 156, the illegitimate son was entitled to share equally with the other children in the mother's estate.

A deed recited that the grantor was anxious to secure to the grantee his undivided interest in certain land, upon condition that he was to retain the use and enjoyment of it during his life, and in consideration of these premises, and of natural love and affection, conveyed the property to the grantee upon condition that the grantor died before the grantee, and not otherwise, with *habendum* to the grantee and her heirs, subject to the condition aforesaid. The grantor survived the grantee. HELD—that this was clearly a condition *precedent*, and not being fulfilled, nothing passed by the deed.

Whether a condition be precedent or subsequent is always a question of intent, and it is immaterial where the clause creating the condition be placed in the deed.

Conditions precedent must be punctually and literally performed before the estate can vest.

A Court of Equity will never vest an estate where, by reason of a condition precedent, it will not vest at law.

[The facts of the case necessary for an understanding of the Chancellor's opinion are sufficiently set out therein.]

THE CHANCELLOR:

This case, which is submitted upon arguments, in writing, of the solicitors of the parties, presents two questions.

The first depends upon the construction of the Act of 1825, ch. 156, relating to illegitimate children. It appears that the defendant, B. M. Dawes, son of Mrs. Dawes, is an illegitimate child, and that his mother, Elizabeth Dawes, died intestate, leaving this son and other children born in lawful wedlock, and the question now raised is, whether this illegitimate son is entitled to participate in the estate of his mother as co-heir with the other children.

The argument of the counsel for some of the defendants is, that the Act of 1825 does not embrace the case of a female who leaves legitimate and illegitimate children, but operates only when the mother dies, leaving an illegitimate child or children. Such, however, does not seem to me to be the true construction of the Act. Its language is, that from and after its passage, "the illegitimate child or children of any female, and the issue of any such illegitimate child or children, be, and they are hereby declared to be, able and capable in law to inherit both real and personal estate from their mother, or from each other, and from the descendants of each other, as the case may be, in the same manner as if born in lawful wedlock."

There is certainly nothing in the words of the Act which should confine its operation to the case of a woman leaving none but illegitimate offspring, and I can conceive of no public policy looking to the morals of society, which recommends the restricted construction contended for. If the law be as the defendants' counsel supposes, then an unmarried woman who has wandered or been seduced from the path of virtue, can never marry and give birth to legitimate offspring, without incurring the risk of cutting off the innocent fruit of her crime from the benefit of any property she may leave, as from a variety of circumstances it may be found impossible to bring such offspring, within the provision of the law of 1820, ch. 191. She may either not marry the father of her illegitimate child, or if she does, he may not choose to acknowledge it as prescribed by that Act.

But, independent of any such reasoning, the language of the Act of 1825 leaves, as I think, no room for doubt upon the subject. The illegitimate child or children take and inherit from the mother as if born in lawful wedlock. They are, therefore, so far as the estate of the mother is concerned, placed in the condition of legitimate children in all respects, and to every intent, and it can make no difference whether the mother leaves other children born in lawful wedlock. Those born out of wedlock are, by the force of this legislative enactment, made to take

as if born in it.  The stain of their birth, so far as respects the capacity to inherit from the mother and from each other is removed, and the birth of other children of the same mother, under happier circumstances, was never designed by the makers of the law to renew the blot with its disabling consequences.

The second question arises upon the deed of William Earle to Elizabeth Dawes, dated the 3d of August, 1839, which recites that the grantor, in the event of his dying before the said Elizabeth, is anxious to secure to her and her heirs his undivided interest in the estate of his father, Thomas Earle, upon condition that, during the life of the grantor, he was to retain and exercise full and complete control over the property, and to receive and enjoy the rents, issues, and profits thereof, and in consideration of the premises thus recited, and of natural love and affection, Earle, by the deed, conveyed to Mrs. Dawes the property in question, upon condition, nevertheless, that he, the grantor, died before her, and not otherwise, with *habendum* to her and her heirs, subject to the condition aforesaid.

The condition has not been complied with, Mrs. Dawes being dead, and Earle, the grantor, being alive; and the argument of the counsel for her heirs is that the condition is void, either as a condition subsequent, or as being inconsistent with the estate given by the deed.

But it appears to me very clear, that the condition that Mrs. Dawes should survive Earle was a *precedent* and not a subsequent condition, and as the event has not taken place, the estate never vested in her.  Earle reserved the possession and use of the property to himself during his life, and in the granting part and *habendum* of the deed, her title is expressly made to depend upon her surviving him—upon condition that he dies before her, and not otherwise.

Whether a condition is to be construed to be precedent or subsequent is always a question of intent, and it is immaterial whether the clause creating the condition is placed prior or posterior in the deed, the question, without regard to locality,

always being whether the thing is to happen before or after the estate is to vest. 2 *Thos. Coke*, 19 *note k*. And, in the same note it is stated, and there can be no doubt of the principle, that conditions precedent must be punctually performed before the estate can vest. And the authorities all show that even a Court of Equity will never vest an estate where, by reason of a condition precedent, it will not vest at law. *Popham* vs. *Bampfield*, 1 *Vernon*, 83. A condition precedent, says Chancellor Kent, must be literally performed, and even a Court of Chancery will never vest an estate where, by reason of a condition precedent unperformed, it will not vest at law. 4 *Kent*, 125; *City Bank et al.* vs. *Smith*, 3 *G. & J.*, 265, 281.

In the case under consideration, there can be no doubt whatever of the intention of the grantor in the deed. He did not mean, as insisted by the counsel for the defendants, to give Mrs. Dawes a title *in presenti*. On the contrary, he retained the title and the enjoyment of the property during his own life, and said that only in case she was the longest liver should she have it. Whether the deed was to operate as a testamentary disposition of the property, or in any other way, is not material, as it is too clear for argument, upon its face and from its unambiguous terms, that the condition upon which Mrs. Dawes's title was to vest was that she should survive the grantor. Earle certainly had a right to prescribe his own terms when making a gratuitous disposition of his property. He has done so by imposing a precedent condition, which has not been performed, and this Court cannot vest the estate. My opinion, therefore, is that nothing has passed by the deed.

The counsel may prepare a decree according to these views.

FRANK H. STOCKETT, for Complainants.
CORNELIUS M'LEAN, for Defendants.