MARY E. HEINRICH v. JAMES A. JENKINS and Another.[1]

July 13, 1906.

Nos. 14,789—(173).

**Vendor and Purchaser—Usury.**

On demurrer, the complaint *held* to state a cause of action upon a contract for the sale of real estate with a covenant to guaranty certain profits within one year. The contract construed to be for the sale of real estate, and not a device to evade the usury laws.

Appeal by defendant C. W. Robinson from an order of the district court for Ramsey county, Bunn, J., overruling his separate demurrer to the complaint. Affirmed.

*B. H. Schriber,* for appellant.
*William G. White,* for respondent.

ELLIOTT, J.

This is an appeal from an order overruling a demurrer to the complaint. James A. Jenkins and C. W. Robinson, the defendants below, were doing business as partners under the name of the Red River Valley Land & Loan Company. On September 2, 1903, they entered into a written contract with Mary Heinrich, the respondent, by the

terms of which they sold and agreed to convey to Heinrich certain land in Marshall county, Minnesota. For this land she agreed to pay the company the sum of $2,000, of which $1,000 was payable on the execution of the contract and the balance in six equal payments, with interest at six per cent. per annum. The interest was paid to maturity. The purchaser agreed to pay the taxes and assessments, and, if default was made in any of the payments, the agreement was to be void at the election of the vendors. Until such default the purchaser was entitled to possession of the land. In addition to the ordinary provisions of a contract for the sale of real estate, the contract contained the following:

> The parties of the first part agree to sell the within described land at a net profit of $500 for the party of the second part on or before one year from date, and, if not sold the parties of the first part agree to refund the down payment of $1,000 and $500 additional to the party of the second part.

The complaint alleges that the plaintiff paid the defendants the sum of $1,000 on September 2, 1903, on account of the purchase price of the said land; that the defendants have not sold the said land, although she has demanded that they sell the same; and that defendants have not refunded or repaid the plaintiff the said sum of $1,000, or the additional sum of $500, as provided in the contract. Plaintiff has demanded the payment of said sums, has tendered to defendants a proper release or conveyance of her rights in said land, and has "in all things performed all and singular the provisions of said contract on her part." Judgment is demanded for the sum of $1,500 and interest thereon since September 2, 1903.

To this complaint the defendant Robinson demurred on the ground that it appears conclusively from the complaint that the transaction was not a sale of real estate, but a loan of money by Heinrich to Jenkins and Robinson, and that it was put in the form of a sale as a device to evade the usury laws.

The demurrer was properly overruled. It does not conclusively appear from the complaint that the transaction was a loan of money. instead of a sale of real estate. It may be that evidence of the circumstances surrounding the execution of the contract will show that

what appears on the face of the complaint to be a sale of real estate was in fact a loan of money. But as pleaded and admitted by the demurrer the transaction was a bona fide sale with a guaranty of profit to the purchaser. As suggested by the trial court, the vendors may have regarded it as very important to themselves to make a sale of the particular land for reasons other than the need of money. They may have been so certain of an advance in value as to make their guaranty seem of no consequence. So a sale on such liberal terms may have been considered a good way to advertise their confidence in the land they were selling. We see no force in the appellant's suggestion that the contract upon its face evidences a gambling transaction.

Order affirmed.