## IDA O. SEGERSTROM v. HOLLAND PIANO MANUFACTURING COMPANY AND OTHERS.
## HOLLAND PIANO MANUFACTURING COMPANY, APPELLANT.

February 23, 1923.

No. 23,184.

**Reformation of written contract because of mistake.**

1. Equity will reform a written contract on the ground of mistake only when the evidence is clear and convincing. The evidence in this case clearly sustains the finding that the parties came to a distinct verbal understanding, and that, by mutual mistake, a written contract entered into failed to embody their real agreement.

**When meaning of parties is not expressed by language agreed on.**

2. When, by mutual mistake, the meaning and intention of the parties are not expressed in the written instrument, a court will reform the writing, although it is in the very language agreed upon.

**Election of remedies.**

3. A futile attempt to assert an alleged right which the plaintiff never in fact possessed, does not constitute an election of remedies.

**No estoppel.**

4. An unsuccessful attempt to recover on a contract, does not estop the plaintiff from thereafter maintaining an action to reform the contract.

**No laches.**

5. Plaintiff was not guilty of laches.

Action in the district court for Hennepin county to reform a contract and for an accounting. The case was tried before Stanton, J., who when plaintiff rested denied the motion of Holland Piano Manufacturing Company to dismiss, made findings and ordered judgment in favor of plaintiff. From an order denying its motion for amended

[1]Reported in 192 N. W. 191.

findings and conclusions or for a new trial, Holland Piano Manufacturing Company appealed.    Affirmed.

*Cray & Eaton,* for appellant.

*Thomas Kneeland,* for respondent.

HALLAM, J.

This action was brought to reform a written contract on the ground of mutual mistake.

Prior to December 24, 1913, Victor E. Segerstrom had been in the business of manufacture and sale of pianos, and was the owner of the trade name and label "Segerstrom" as applied to pianos and musical instruments. On that day an agreement in writing was made, for the sale of said trade name and label to the defendant Holland Piano Manufacturing Company, in consideration of 100 shares of that company's stock of the par value of $10,000, to be issued and delivered to Ruth E. Segerstrom, Victor's daughter. The written contract recited the sale of said name and label, and provided for the delivery of 50 shares of said stock to V. H. Van Slyke, to be held in escrow "until the same is paid for in manner and form as follows:    When and as said company shall have available the sum of twenty thousand ($20,000.00) dollars by the directors of said company declared as a dividend, ten per cent of such sum shall be applied on the purchase price of said second certificate of stock, and when and as dividends are thereafter declared after the first dividends amounting to twenty per cent has been declared, allowances shall be made in like proportion and applied as and for the purchase price of said stock until the whole sum of five thousand ($5,000.00) dollars shall have been so applied."    This written instrument was before this court for construction, in an action brought by plaintiff, as assignee of Ruth E. Segerstrom, to recover dividends accrued on said stock.    Segerstrom v. Holland Piano Mnfg. Co. 142 Minn. 104, 170 N. W. 930.    It was held that, as the instrument was written, plaintiff was not entitled to receive dividends on the 50 shares in escrow, until the period of escrow expired. Thereupon plaintiff, Segerstrom, commenced this action, alleging that it was distinctly agreed that dividends should be paid on said

stock while it was in escrow, that the writing of the contract in such language that dividends were not so payable was a mistake, and the relief demanded was that the instrument be reformed so as to conform to the agreement of the parties. The trial court found for plaintiff, and ordered judgment of reformation. From an order denying defendant company's motion for a new trial said defendant appeals.

1. Equity will not reform a written instrument on the ground of mistake unless the evidence is clear and convincing. Guernsey v. American Ins. Co. 17 Minn. 83 (104); Wall v. Meilke, 89 Minn. 232, 94 N. W. 688; Massey v. Lindeni, 98 Minn. 133, 107 N. W. 146.

The evidence in this case very clearly sustains the finding that the verbal agreement of the parties was as plaintiff claims. The evidence on behalf of plaintiff is that the verbal agreement to issue $10,000 of stock in payment of the trade name, was concluded before the matter of escrow was suggested, that later, defendant company's president, who had negotiated the agreement on the part of the company, told Victor E. Segerstrom that he had contemplated using, for this purpose, part of what they called the "free stock," that there was not as much of that left as he had expected, and that he wanted to place 50 shares of this stock in escrow, to be paid for, not out of dividends on this stock, but out of earnings of the company, so that the stockholders, being benefited by the trade name, would be paying for it, and that it was distinctly understood that Segerstrom would vote the stock and get the dividends while the stock was in escrow. The very language of the original contract lends some color to this contention, since, by its terms, the stock was to be paid for by application of 10 per cent of the whole amount of dividends declared, whereas this stock was but 2½ per cent of the whole capital stock of the corporation.

Defendant's president, while testifying, in general terms, that the written contract expressed the agreement of the parties, and that Segerstrom was not to receive dividends, further testified, that "the understanding was clear that this second five thousand dollars should be paid for by the company, in dividends as dividends were declared by the board of directors." This last statement conforms

to the claims of plaintiff, and is quite out of harmony with the contention made by defendant company's counsel, "that this particular certificate was to be set aside until the dividends thereon had paid for the same." The court was warranted in adopting plaintiff's version of the real agreement between the parties, and in finding that, by mutual mistake, the parties failed to embody their real agreement into their written contract.

2. The law of the case is well settled. This court has held that "where parties, in reducing an agreement to writing, fail, by mistake, to embody their intention in the instrument, either because they do not understand the meaning of the words used or their legal effect, equity will grant relief by reforming the instrument; and it matters not whether such mistake be called one of law or one of fact." Wall v. Meilke, 89 Minn. 232, 94 N. W. 688. It does not matter that the parties used the very words intended. If the words do not express the meaning they intended to convey, and there is a mistake as to the legal meaning and effect of the words used, an action for reformation will lie. Barnum v. White, 128 Minn. 58, 150 N. W. 227, 151 N. W. 147. In this case the court cites Smith v. Jordan, 13 Minn. 246 (264), where it was said, that where, by mistake, "the meaning and intention of the parties are not expressed," a court will reform the writing, though it is in the very language agreed upon. To the same effect is Walden v. Skinner, 101 U. S. 584, 25 L. ed. 963, and 2 Pomeroy, Eq. Jur. §§ 845-849. The facts of this case bring it within the principles stated.

3. Defendant company claims that by prosecuting the former action on the contract to recover dividends, plaintiff, under the doctrine of estoppel by election of remedies, lost her right to secure a reformation of the contract. This contention is not sustained. The former action was a mere futile attempt to assert an alleged right which plaintiff never in fact possessed, and in the assertion of which she was defeated. This does not estop her from now asserting the right and remedy which she in fact has always possessed. The doctrine of estoppel by election of remedies has no application to such a case. It has application only to a case where a party has two inconsistent remedies. In the Matter of Van Norman, 41 Minn. 494,

43 N. W. 334; Schrepfer v. Rockford Ins. Co. 77 Minn. 291, 79 N. W. 1005.

4. Specifically applying these principles, this court has held that an unsuccessful attempt to recover on a contract does not estop the plaintiff from thereafter maintaining an action to reform the contract. Spurr v. Home Insurance Co. 40 Minn. 424, 42 N. W. 206; Mulcahy v. Diedonne, 103 Minn. 352, 353, 115 N. W. 636.

5. Nor do we think that under the facts of this case plaintiff was guilty of laches.

We find no error in the record.

Order affirmed.