MARGARET BOEHRINGER et al., Appellants, *v.* EDWIN SCHMID et al., Respondents.

(Argued October 2, 1930; decided October 14, 1930.)

*Frank C. Brendel* for appellants. The estate of tenancy by the entirety must be created by a conveyance from a third person, as husband and wife are one at common law. (*Dressler* v. *Mulhern,* 77 Misc. Rep. 476; *Perrin* v. *Harrington,* 146 App. Div. 292; *Bambauer* v. *Schleider,* 176 App. Div. 562; Reeves on Real Property, § 689; Tiffany on Real Property, § 194; Williams on Real Property, p. 358; *Bertles* v. *Nunan,* 92 N. Y. 152; *Zorntlein* v. *Bram,* 100 N. Y. 12; *Hiles* v. *Fischer,* 144 N. Y. 306; *Grosser* v. *City of Rochester,* 148 N. Y. 235.) The deed is null and void for want of proper parties. (*Miller* v. *Collyer,* 36 Barb. 250; 2 Clark on Contracts, § 666; *Martin* v. *Wagner,* 1 T. & C. 509; *Howe* v. *Striker,* 5 Misc. Rep. 309; Bishop on Contracts, § 318; Parsons on Contracts,

§ 2; *Moses* v. *Lawrence County Nat. Bank*, 149 U. S. 298; *Matter of Lyon*, 233 N. Y. 211.)

*George B. Doyle* for respondents. The deed created a tenancy by the entirety. (*Matter of Klatzl*, 216 N. Y. 83; *Matter of Hanler*, 168 N. Y. Supp. 221; *Matter of Farrand*, 126 Misc. Rep. 590; *Matter of Vogelsang*, 122 Misc. Rep. 599; *Matter of Dunn*, 205 App. Div. 407; *Matter of Greim*, 183 N. Y. Supp. 149; *Coon* v. *Campbell*, 240 N. Y. Supp. 772.)

*Per Curiam.* *Matter of Klatzl* (216 N. Y. 83) must be regarded as conclusively holding that " The creation of a tenancy by the entirety is permitted by law and a husband may by conveyance to himself and his wife create such a tenancy, thereby reserving to himself the same rights he would have under a deed from a third person." Although BARTLETT, Ch. J., concurred (in result only) in the opinion of SEABURY, J., he said: " * * * I see no reason why the husband could not convey to his wife such an estate as she would get by a similar deed to them from a third person, and at the same time reserve for himself the same rights he would have under such a deed." This must be taken as a concurrence in the rule, if not in the reasoning, of Judge COLLIN's opinion on this point.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgment affirmed.