GUST PAPKE v. ANNA PEARSON.[1]

June 17, 1938.

No. 31,684.

[1]Reported in 280 N. W. 183.

*W. L. Hursh* and *Homer R. Kinney,* for appellant.
*Child & Child,* for respondent.

PETERSON, JUSTICE.

In February, 1929, plaintiff, who was then 63 years of age and employed by a railroad, executed a deed conveying an undivided one-half of his home to Rose Stella Tillman, who lived in his home with her niece, the defendant. Miss Tillman died in 1933. Plaintiff sues to reform the deed so as to create a joint tenancy between Miss Tillman and himself and to cancel the deed as reformed. Miss Tillman made arrangements for the drawing of the deed. She went to a stenographer in a real estate man's office and told her that plaintiff wanted to give her one-half of his property and to draw a deed for that purpose. The stenographer drew a warranty deed by

which plaintiff conveyed an undivided one-half interest in the property to Miss Tillman. Plaintiff came to the office later and signed it. The testimony of plaintiff and Miss Tillman's statements to the stenographer and the real estate man show that the intention of the parties was that she should have the property if plaintiff died and that he should have it if she should die. Plaintiff testified, "those were my only intentions." Miss Tillman stated that the intention was that the deed should grant her title and possession after plaintiff's death, and when told that the deed was not so drawn, stated that it was not what the parties wanted. Plaintiff had a room in the house and boarded with Miss Tillman when he was in town. He expected to continue in the possession and control of the premises and to have Miss Tillman and her niece live with him. There is no testimony to show that he intended to convey to Miss Tillman any right of possession or control during his lifetime, or that either plaintiff or Miss Tillman ever referred to a joint tenancy or any other particular estate in terms to describe the estate which they intended to create.

Defendant did not testify and submitted the case upon the evidence of plaintiff and his witnesses. Findings were made that the parties intended to create a joint tenancy but that through mistake the plaintiff by warranty deed conveyed an undivided one-half of the property so as to make the parties tenants in common instead of joint tenants, and as a conclusion of law the court ordered that the deed be reformed so as to express the intention to create a joint tenancy and that as reformed it be canceled.

■ Defendant urges that it was error to permit plaintiff to testify as to his intention in making the deed. This alleged error cannot be reviewed on appeal because the admission of the evidence was not excepted to on the trial nor assigned as error in the motion for new trial. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 388a; Cincinnati Time Recorder Co. v. Loe, 152 Minn. 374, 188 N. W. 1011.

■ The admissions of Miss Tillman that the parties intended to provide only for survivorship and that the deed executed by plaintiff did not express their intention were properly received. Hayes

v. Hayes, 126 Minn. 389, 148 N. W. 125; 2 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 3306, 3409; 2 Wigmore, Evidence (2 ed.) § 1048.

Nor is such evidence objectionable upon other grounds urged by defendant. It is contended that the evidence relates only to the secret and unexpressed intention of plaintiff, but this is overcome by the testimony as to Miss Tillman's admissions relating to the intention of both plaintiff and herself. Further, it is urged that the testimony relates not to the time of the execution of the deed but to the desires of the parties subsequent thereto. It is quite clear from the testimony that Miss Tillman's admissions relate to the intention of the parties prior to and contemporaneous with the execution of the deed. It is also claimed that there is no evidence to show a preliminary or antecedent agreement which the deed failed to express. This contention is without merit since the evidence relates to the intention of the parties prior to and at the time of the execution of the deed.

■ The contention that the evidence does not sustain a finding of joint tenancy must be sustained. It is not necessary now to decide whether plaintiff could by conveyance to Miss Tillman create in the parties an estate in joint tenancy. Some cases hold that this cannot be done upon the ground that a party cannot make a valid deed to himself. Deslauriers v. Senesac, 331 Ill. 437, 163 N. E. 327, 62 A. L. R. 511. Others disapprove this doctrine and hold that the grantor may constitute himself a joint tenant with his grantee; Edmonds v. Commr. of Internal Revenue (9 Cir.) 90 F. (2d) 14, disapproving Deslauriers v. Senesac, *supra;* Matter of Horler, 180 App. Div. 608, 168 N. Y. S. 221; that husband and wife may by deed from one to both create an estate by the entirety, Matter of Klatzl, 216 N. Y. 83, 110 N. E. 181; Boehringer v. Schmid, 133 Misc. 236, 232 N. Y. S. 360, affirmed, 254 N. Y. 355, 173 N. E. 220, comment 13 Minn. L. Rev. 618; and that the parties may create an estate in joint tenancy by mere agreement, Murphy v. Whitney, 140 N. Y. 541, 35 N. E. 930, 24 L. R. A. 123. But since decision on this point is not necessary, we do not decide the question. Forney v. Farmers Mut. F. Ins. Co. 181 Minn. 8, 231 N. W. 401.

A joint tenancy does not result merely because of the right of survivorship. Some authorities hold that a conveyance to two or more persons with right of survivorship creates a joint tenancy. Weber v. Nedin, 210 Wis. 39, 242 N. W. 487, 246 N. W. 307, 686; 18 Minn. L. Rev. 79. Laying aside the fact that this is not a deed to two or more persons, such authorities should not be followed. The language in Weber v. Nedin, *supra,* that "survivorship is an incident of an estate in joint tenancy and of no other under our law" and similar expressions in other cases give support to the view that such survivorship necessarily means a joint tenancy. They are not an accurate statement of the rule of law applicable to such a situation. Estates by the entirety, which have been abolished in Minnesota and Wisconsin, have the right of survivorship as an incident. Wilson v. Wilson, 43 Minn. 398, 45 N. W. 710. Estates may be held by tenants in common with the benefit of survivorship. 1 Chitty's Blackstone, Book II, p. 156, § 194, note 27; Freeman, Cotenancy and Partition (2 ed.) § 12; Taaffe v. Conmee [1862] 10 H. L. 64; Doe d. Borwell v. Abey [1813] 1 Maule & Selwyn 428; Haddelsey v. Adams [1856] 22 Beavan 266; Truesdell v. White, 13 Bush (Ky.) 616. There are other situations in which the right of survivorship is allowed without a joint tenancy. Dutton v. Buckley, 116 Or. 661, 242 P. 626; Finch v. Haynes, 144 Mich. 352, 107 N. W. 910, 115 A. S. R. 477; Earle and McNier v. Dawes, 3 Md. Ch. 230; McKee v. Marshall, 9 Ky. L. Rep. 461, 5 S. W. 415; Bartholomew v. Muzzy, 61 Conn. 387, 23 A. 604, 29 A. S. R. 206; Arnold v. Jack's Executors, 24 Pa. 57; Redemptorist Fathers v. Lawler, 205 Pa. 24, 54 A. 487.

What the parties really contemplated was a grant to Miss Tillman of a contingent future estate in fee simple. She was to have the property upon the contingency that she survived plaintiff. Estates in expectancy are by 2 Mason Minn. St. 1927, §§ 8032-8072, divided into future estates and reversions. Section 8042 defines reversions as they were at common law. Section 8043 defines future estates as follows:

"Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate

right to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent while the person to whom, or the event upon which, they are limited to take effect remains uncertain."

Included in the statutory definitions of future estates are all limitations which at common law were denominated remainders, vested or contingent, springing and shifting uses and executory devises. The classification of estates under the statute is without respect to their nature, the mode of conveyance by which they are created and their relation to the estate of the grantor, or to other granted estates. Thomas v. Williams, 105 Minn. 88, 91, 117 N. W. 155, 156, involved a situation exactly like that in the instant case. We held that it was the intention to convey a "present contingent right in the land in the nature of a contingent fee." Such grants are sustained under statutes similar to ours as contingent future estates and at common law as contingent springing uses. Fraser, *Future Interests in Property in Minnesota*, 4 Minn. L. Rev. 307 at 321; Tiffany, Outlines of Real Property, §§ 115, 116; 21 C. J. p. 927, § 26; *Id.* p. 1025, § 210; 2 Washburn, Real Property (6 ed.) §§ 1368-1370.

A joint tenancy was not only inappropriate to effect but would have defeated the intention of the parties by granting a vested estate *in praesenti* instead of a contingent estate *in futuro,* and by incidents thereof which would have enabled Miss Tillman to defeat the survivorship. Any one of the tenants can destroy the other's right of survivorship by conveyance to a third person. 2 Thompson, Real Property, p. 929, § 1714. In 1 Chitty's Blackstone, Book II, p. 151, § 187, it is said: "In general it is advantageous for the joint-tenants to dissolve the jointure;  *  *  *" Plaintiff did not intend to place it in the power of Miss Tillman to defeat the survivorship and change the nature of the estate granted. Where the intention of the parties is to create an estate by survivorship at all events, a joint tenancy does not effectuate that intention. In 1 Tiffany, Real Property (2 ed.) 635, it is stated that, where the intention is to grant a right of survivorship, it is a reasonable conclusion that only an "indestructible" survivorship was intended,

and in such a situation a tenancy in common for life with a contingent remainder in favor of the survivor, or a tenancy in fee simple with an executory limitation in favor of the survivor, is more in accord with the intention of the grantor than a joint ten-. ancy. Here we have an intention to create only a right of survivorship and not any estate to vest *in praesenti* or any immediate right of possession and control. The intended purpose of the grantor would be accomplished not by a joint tenancy but by a contingent future estate in fee.

Since the only intention of the parties was to create a contingent future estate in fee simple in Miss Tillman by way of survivorship, the deed should have been drawn to express only that intention. By a joint tenancy other incidents would have been introduced which would have enabled the grantee, Miss Tillman, to destroy that estate and defeat the intention of the parties. We therefore hold that the intention was to create only a contingent future estate in fee and not a joint tenancy.

■ The findings required by the evidence as well as those actually made justify reformation. Where the parties by mistake fail to embody their intention in a written instrument, either because they do not understand the meaning of the words used or their legal effect, reformation will be allowed. Benson v. Markoe, 37 Minn. 30, 33 N. W. 38, 5 A. S. R. 816; Rogers v. Castle, 51 Minn. 428, 53 N. W. 651; Scofield v. Quinn, 54 Minn. 9, 55 N. W. 745; Wall v. Meilke, 89 Minn. 232, 94 N. W. 688; Lockwood v. Geier, 98 Minn. 317, 108 N. W. 877, 109 N. W. 245; Haley v. Sharon Township Mut. F. Ins. Co. 147 Minn. 190, 179 N. W. 895; Segerstrom v. Holland Piano Mfg. Co. 155 Minn. 50, 192 N. W. 191; Hines v. Bauer, 158 Minn. 298, 197 N. W. 483; Leach v. Leach, 162 Minn. 159, 202 N. W. 448; 5 Williston, Contracts (Rev. ed.) § 1585; Restatement, Contracts, § 504. The relief is given solely to make the instrument express the intention of the parties. McClintock, Equity, § 91. In Segerstrom v. Holland Piano Mfg. Co. *supra,* we held that even though the parties intended to use the very words which they employed, if the words do not express the meaning which the parties intended to convey and there is a mistake as to their

legal meaning and effect, reformation will be granted. The parties definitely agreed as to the objects to be attained by, but not the particular provisions of, the deed. It is doubtful whether either of the parties knew anything about joint tenancies or future estates. What they intended was a deed which would convey to Miss Tillman a future estate in fee simple contingent upon her surviving the plaintiff. Miss Tillman undertook to have the conveyance prepared for execution by plaintiff, and he signed the deed which was prepared pursuant to the arrangement, not understanding its legal meaning and effect. This is a frequent situation in which reformation is granted. 5 Williston, Contracts (Rev. ed.) § 1586. A deed creating by mistake a tenancy in common where a joint tenancy was intended will be reformed. McVey v. Phillips (Mo. Sup.) 259 S. W. 1065. The rule has also been applied to a deed creating by mistake a tenancy in common where a tenancy by the entirety was intended. Alexander v. Shapard, 146 Tenn. 90, 240 S. W. 287. Instead of reforming the deed to make it a joint tenancy, it should have been reformed to convey a contingent future estate to Miss Tillman. Since the evidence is conclusive that such was the intention, the findings and conclusions should be modified in conformity therewith.

■ Plaintiff was not entitled to both reformation and cancellation. There are cases in which both may be allowed. 5 Dunnell, Minn. Dig. (2 ed.) § 8338. Reformation and cancellation are independent grounds of relief. Where both are granted it is because plaintiff is entitled to cancellation of the deed as reformed. Here plaintiff has shown only a right to reformation. He has failed to show any grounds for cancellation. Where the mistake is only in expressing the agreement in the writing, reformation, but not cancellation, will lie. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 1192; Stanek v. Libera, 73 Minn. 171, 75 N. W. 1124. In Lockwood v. Geier, 98 Minn. 317, 325, 108 N. W. 877, 109 N. W. 245, 247, we said:

"The mistake as to the form of the conveyance would not justify the cancellation of the contract, but simply a reformation as to the character of the conveyance to be given."

138

That is the situation here. Reformation will afford plaintiff full and complete relief.

■ The action is not barred by the statute of limitations. There is no statute of limitations in this state governing actions for the reformation of instruments upon the grounds of mistake. Lapse of time in such cases operates as a bar only by the equitable doctrine of laches. Wall v. Meilke, 89 Minn. 232, 94 N. W. 688; 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8343.

The findings and conclusions will be modified in conformity with this opinion. The order as modified is affirmed.

