**CLEAVER, Plaintiff, v. LONG, Extrx. et al., Defendant.**

Common Pleas Court, Licking County.

No. 40316. Decided January 1955 Term.

490

Kibler, Hervey & Kibler, Newark, on behalf of plaintiff.

Todd, Wellman & Norris, Mt. Vernon, on behalf of defendant, Marion McCluskey.

Ernest T. Johnson, Newark, on behalf of defendant, Mary Long.

## OPINION

By HOLTSBERRY, J.

An agreed statement of facts has been filed herein. It is agreed that the sole issue before this Court in this partition proceeding is one of law involving the validity and legal effect, if any, of a quit-claim deed dated July 14, 1939. The grantors and grantees are the same persons, Marion E. Cleaver and Florence Cleaver, husband and wife. The deed was recorded July 17, 1939 in volume 334 at page 132 of the Deed Records of Licking County, Ohio. At the time this deed was executed Marion E. Cleaver was seized of an undivided two-thirds interest in the property therein described. Florence Cleaver had an inchoate right of dower in said property.

Following the habendum clause in said deed is a separate paragraph reading as follows:

"It is the intention of this conveyance that the within described real estate shall be the joint property of the Grantor and the Grantee, and owned by them as joint tenants, with the right of survivorship, and not as tenants in common, and upon the death of either of them, all of said real estate shall become the absolute property in fee simple of the survivor."

A consideration and determination of the law of joint tenancy with right of survivorship is necessary to determine the effect of the Cleaver deed.

Washburn on real property, Volume 1, page 642, defines a joint tenancy as an estate held by two or more persons jointly so that during the lives of all they are equally entitled to the enjoyment of the land, or its equivalent in rent and profits; but on the death of one his share vests in the survivor or the survivors, until there be but one survivor, when the estate becomes one in severalty in him and descends to the heirs upon his death.

Under the common law it has been said that to create a

joint tenancy the four unities of interest, time, title and possession must be present. The common law rule indicates that all tenants must have the same interest in the land in respect to the duration of the estate. One cannot be a tenant for life while another is a tenant in fee; that unity of title means that all must acquire their interest by the same title; that one cannot hold by one deed and another by another deed; there must be a vesting at the same time of the estate of joint tenancy, otherwise there would be no unity of time; also the estate must take effect in possession at the same time. One could not have an estate in remainder with the other having an estate in possession.

In 2 Blackstone Commentaries, 180-181-182, it is said that they must "have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same possession." Williams in his work on real property at page 132 says that whenever the four unities, referred to above, were present in a joint estate, the estate was construed at common law to be a joint tenancy.

Many members of the legal profession in Ohio are of the opinion that joint tenancy is a thing to be frowned upon in this State, and rely upon the case of Sergeant v. Steinberger, 2 O. R. 305. The facts of this case show that a clause in a will was involved and that the will contained no words of survivorship, and there were no words which could be construed therein as indicating an intention to create an estate with the right of survivorship. In this particular case the court held that devisees took as tenants in common.

There are other Ohio cases in which the Supreme Court has recognized the doctrine of survivorship. See **Lewis v. Baldwin, 11 Ohio Reports, 352.**

It is true that the court did not in the Lewis Case find in clear and unequivocal language that an estate in joint tenancy had been created but it did find and hold that where words of survivorship were contained in a grant or devise and such clearly indicated an intention to create an estate with the right of survivorship, such intent would be upheld. Ohio courts have been inclined to follow this reasoning since said decision.

Joint ownership and the right of survivorship in respect to personal property has been uniformly upheld by the Ohio courts. The most frequent questions have been in connection with joint bank accounts. See **Trust Company v. Scobie, 114 Oh St 242; Tax Commission v. Hutchison, 120 Oh St 361; Yost v. Schmitt, 128 Oh St 48; Union Trust Company v. Hutchison, 27 Oh Ap 284.**

A joint and survivorship bank account contains all of the incidents characteristic of joint tenancy, and it appears that the survivor takes an estate which is in all respects similar to an estate in joint tenancy.

Although the **Hutchison Case, 120 Oh St,** is not a direct answer to the question involved herein since the issue involved in said case concerned personal property, there is a most interesting discussion in the opinion. It is noted that at page 550 the Supreme Court in reference to joint tenancy uses the words both real and personal in reference to property. At page 551 the Supreme Court had the following to say:

"Joint tenancy was the product of feudalism, and that character of tenure was favored, because it tended to combine or unite the feudal service, and to consolidate the tenure, and to strengthen the military service growing out of that tenure. With the passing of the feudal system, joint tenancy came to be regarded with as little favor in England as in this country. In England, as in America, courts of law and equity will construe expressions in a conveyance as importing a condition in favor of a tenancy in common, rather than a joint tenancy, and effect will be given accordingly. Manifestly no such latitude of interpretation can be permitted, where the terms of a gift or grant clearly give a right of survivorship. If a joint tenancy is expressed, without words of survivorship, under the unbroken line of authorities in Ohio, it will be considered as a tenancy in common. If, on the other hand, a donor or grantor, by the operative words of the gift or grant, clearly expresses an intention to give the right of survivorship, such words will not be disregarded. In Lewis v. Baldwin, supra, the grantor employed the expedient of a trustee. That expedient was probably necessary at that time (1842), but is certainly not necessary in Ohio since the statute of 1887, giving husband and wife right to contract with each other (§799 GC; 84 Ohio Laws, 132)."

Therefore, our Supreme Court has clothed the intent of a person with great dignity.

Among other cases indicating respect for intent of parties and holding that where the intention of parties is manifest the cardinal rule should be that the intention of the parties controls. See **Pennsylvania Railroad v. Kearns, 71 Oh Ap 209; Metzger v. Joyce, 70 Oh Ap 101.** Technical rules are not favored to defeat a grantor's intent. Johnson v. Darling, 32 O. C. A., 113, 35 O. C. D., 699.

A careful examination of many court decisions over the United States respecting joint tenancy reveals that many reasons pro and con are advanced by various courts. In 1928

the Supreme Court of Illinois, 331 Illinois, 357, went to great lengths to indicate the defects of a deed, but in the court's final analysis inconsistently held the deed valid to create a tenancy in common but refused to recognize a joint tenancy. Considering the reasoning of this court and some other foreign courts, and keeping in mind the Ohio law with respect to intent of parties, I am of the opinion that some of these decisions really strengthen the argument for validity of the Cleaver deed.

We must be mindful of the fact that at one time a wife was restricted in her power of contract, and regarded as one and the same person as her husband. Methods were devised to get around this limitation—trusteeship was one of such.

Courts have often been reluctant to use the term joint tenancy as it was known at common law, but in effect have carried out the intention of survivorship by what was termed specific contract. Neneman v. Rickley, 110 Neb. 446; 197 Northwestern, 447. The Steuhm case (Nebraska) 297 N. W., 595 which has been cited to this Court is not in point. Careful reading of that case indicates that joint tenancy with survivorship could have been created with the intervention of a trustee. The logic in some of the cases denying survivorship is untenable. In a review of the case law of the United States the reviewer must be ever watchful of statutes which have been enacted in some states changing certain rules.

Some cases of interest regarding the holdings in some states can be found in Colson v. Baker, 42 Misc., 407, 87 N. Y. S., 238; Saxon v. Saxon, 46 Misc., 202, 93 N. Y. S., 191; Lawton v. Lawton, 48 R. I., 134, 136 A. 241; Amex v. Chandler, 265 Mass., 428, 164 N. E., 616; Dutron v. Buckley, 116 Or., 661, 242 P. 626; Coons v. Campbell, 138 Misc., 567, 240 N. Y. S., 772; and Boehringer v. Schmid, 254 N. Y., 355, 173 N. E. 220.

The logic of some of these last referred to cases is questioned by certain Nebraska courts, but to this Court seems more tenable in many respects than the reasoning of certain Nebraska courts.

The Nebraska Supreme Court once remarked "Where the words 'joint tenancy' alone are used as descriptive of the estate conveyed, we must look to the common law for the answer." In the instant Cleaver deed these words alone were not used.

Some courts hold that an owner may not convey directly to himself and another to create a joint tenancy, but may do so with the intervention of a trustee. In effect this is merely saying that it is entirely proper and legal to do indirectly that which "the rules of law" prohibit doing directly.

In reaching just conclusions to carry out the intention of persons, where no statute or public policy is violated, courts today are disregarding fictions and technical niceties and distinctions of the common law.

The writer of this opinion cannot escape wondering why the courts have dwelt at great pains on the "four unities" of the old common law joint tenancy when the incident of survivorship is expressly provided for as the clear intention in a deed.

In the Jacobs case, 306 U. S., 363, the argument of different tenancies was urged upon the United States Supreme. Court, and said court commented: "The constitutionality of an excise of the taxing power of Congress is not to be determined by such shadowy and intricate distinctions of common law property concepts and ancient fictions."

Although some courts over the United States have taken the technical view, I believe the weight of authority is that such view must yield to the intention of the parties. The right of survivorship is from the viewpoint of a layman the principal characteristic of a joint tenancy. Particularly where the layman specifically uses proper words of survivorship in his deed, and the logic of holding in such instances that a grantor had in mind the old common law "four unities," which I doubt incidently if many legally trained persons can readily recite, amounts to pure absurdity.

For interesting cases discussing the question of necessity for circuitous conveyance through a dummy, see: Eisenhardt v. Lowell, 105 Colorado, 417; Johnson v. Landefeed, 138 Florida, 511.

The often referred to Pegg case, 183 Michigan 656, has been considered by many courts, and in 131 Md., 215, the court reasoned that the controlling feature therein was that the grant was of an undivided one-half interest which made the wife a tenant in common and could not be enlarged by subsequent clause of the deed.

The courts of New Mexico, 35 N. M., 604, criticize the Pegg case and hold, as seems to follow New York authorities, that the four unities were observed, when the new estate was created by the deed, and specifically gave effect to intent.

The Bassett case, 77 Michigan, 338, 43 N. W., 984, has often been cited as authority that intent rules and technical rules must yield.

Can it be said that the Cleavers have violated any public' policy of this State? Certainly not. Because legal policy has been hesitant in the writing of such deeds, and courts have hesitated in some instances to hold them valid, does not of itself create a contrary policy. Perhaps public policy would be otherwise.

Reference is also made to some interesting New York cases: 87 N. Y. S., 238; 93 N. Y. S., 191; 240 N. Y. S., 772; 216 N. Y., 83; 254 N. Y., 355.

To hold that the Cleaver deed did not provide for survivorship would be to thwart the intent of the parties.

In §3501.01, et seq., R. C., are the statutory provisions of this State pertaining to deeds.

The formality as prescribed in §5301.02 R. C., provides that the use of the terms of inheritance or succession are not necessary to create a fee simple estate and every grant shall convey the entire interest of grantor which he could lawfully grant unless it clearly appears by the deed or instrument that a less estate was intended. I find nothing in the law of Ohio, or the law of sound judgment, which would forbid the Cleaver conveyance from being effective, as the instrument clearly manifests the intent of survivorship.

It cannot be questioned that in Ohio a husband may make valid conveyance of real estate to his wife and the estate may be limited, by appropriate words, in any manner grantor desires, if such is not contrary to public policy or prohibitory legislation, express or implied. In the absence of contrary law or public policy the intent of grantor is paramount to purely formalistic objections based on arbitrary or shadowy distinctions.

Giving the greatest weight possible to the argument of necessity of unity of time, possession, interest and title, if such rule should in any event be applicable to the deed in question, the interests of both parties herein were fixed in this estate by the instrument at the same time, both had the same right of possession fixed by the instrument, and their title became the same.

Counsel concede that there is no Ohio decision controlling with respect to the instant deed in question.

In view of the reasons and authorities stated herein, this Court holds that said deed is effective as an instrument creating the relationship between the parties of joint tenants, with the right of survivorship, and not as tenants in common, and that upon the death of either of them said real estate became the absolute property in fee simple of the survivor.

Entry may be prepared accordingly.