**Jeffrey P. MAGNUSON, Personal Representative, Respondent,**

**Estate of Michael S. Magnuson and Maureen Magnuson, Personal Representative, Appellant,**

v.

**Kristine Ann DIEKMANN, Respondent.**

No. A04–752.

Court of Appeals of Minnesota.

Nov. 23, 2004.

Douglas G. Peine, and Fred A. Kueppers, Jr., Kueppers, Hackel & Kueppers, P.A., St. Paul, MN, for appellant.

Norman M. Abramson, Wendy J. Cusick, Patterson, Thuente, Skaar & Chris-

tensen, P.A., Minneapolis, MN, for respondent Kristine Diekmann.

Considered and decided by SHUMAKER, Presiding Judge; LANSING, Judge; and FORSBERG, Judge.

## OPINION

FORSBERG, Judge.*

The district court granted summary judgment to respondents, the surviving children of a deceased father, reforming the deed by which the deceased father had left his residential property so that the children inherited as joint tenants rather than as tenants in common. Appellant, the estate of a son who predeceased the father, opposes that summary judgment. Because no genuine issue of material fact and no error of law precludes the judgment, we affirm.

## FACTS

In 1991, Vernon Magnuson filed a quitclaim deed (the 1991 deed) preserving for himself a life interest in his residential property and deeding it after his death to his three children, Michael Magnuson, Kristine Diekmann, and Jeffrey Magnuson. The 1991 deed did not specify either joint tenancy or tenancy in common for the children.

In 1999, Vernon Magnuson altered his will to provide that, if his son Michael Magnuson predeceased him, his estate was to be divided between Kristine Diekmann and Jeffrey Magnuson. In July 2001, after learning that his son Michael Magnuson had a potentially fatal illness, Vernon Magnuson, with the advice of his attorney, executed another deed (the 2001 deed)

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

conveying his residential property to his three children as joint tenants. Michael Magnuson died in August 2001; his widow, Maureen Magnuson, became the personal representative of his estate. Vernon Magnuson died in December 2001.

Kristine Diekmann and Jeffrey Magnuson, relying on the 2001 deed and assuming that they were now joint tenants who each had a half interest in the residential property, executed a purchase agreement whereby Kristine Diekmann paid Jeffrey Magnuson half the appraised value of the property and he conveyed to her marketable title to the property.

But a title insurance company then informed them that the 1991 deed precluded it from issuing a policy. Jeffrey Magnuson and Maureen Magnuson as the personal representative of Michael Magnuson's estate then filed a complaint against Kristine Diekmann seeking an order declaring that, pursuant to the 1991 deed, the property was owned in one-third shares by the estate of Michael Magnuson, by Jeffrey Magnuson, and by Kristine Diekmann, and directing that it be sold and the proceeds divided among them.

Kristine Diekmann filed an answer and counterclaim seeking an order stating that she and Jeffrey Magnuson owned the property as joint tenants and enforcing their purchase agreement. All parties moved for summary judgment. Following a hearing, the district court granted Kristine Diekmann's motion and reformed the 1991 deed so that she and Jeffrey Magnuson, Vernon Magnuson's surviving children, took the residential property as joint tenants.

After the district court denied the motion for reconsideration brought by the estate of Michael Magnuson, the estate appealed.[1]

## ISSUE

Was the district court's decision to reform the 1991 deed manifestly contrary to the evidence?

## ANALYSIS

On an appeal from summary judgment, this court asks whether there are any genuine issues of material fact or whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). This court will not disturb a district court's determination on reformation unless it is manifestly contrary to the evidence. *Yliniemi v. Mausolf,* 371 N.W.2d 218, 222 (Minn.App.1985). "A written instrument may be reformed if the following elements are proved: (1) there was a valid agreement between the parties expressing their real intentions; (2) the written instrument failed to express the real intentions of the parties; and; (3) this failure was due to a mutual mistake of the parties, or a unilateral mistake accompanied by fraud or inequitable conduct by the other party." *Id.* More specifically, "[a] deed creating by mistake a tenancy in common, where a joint tenancy was intended, will be reformed." *Papke v. Pearson,* 203 Minn. 130, 137, 280 N.W. 183, 186 (1938).

Because Minnesota caselaw on reformation pertains to contractual rather than donative instruments, we turn to Restatement (Third) of Property: Wills and Other Donative Transfers:

> A donative document, though unambiguous, may be reformed to conform the text to the donor's intention if it is

---

1. Although Jeffrey Magnuson is listed as a respondent, he has not filed a brief and is not represented on appeal.

established by clear and convincing evidence (1) that a mistake of fact or law, whether in expression or inducement, affected specific terms of the document; and (2) what the donor's intention was. In determining whether these elements have been established by clear and convincing evidence, direct evidence of intention contradicting the plain meaning of the text as well as other evidence of intention may be considered.

Restatement (Third) of Prop.: Wills and Other Donative Transfers § 12.1 (2003). "Using the equitable remedy of reformation to correct a mistake is necessary to prevent unjustly enriching the mistaken beneficiary at the expense of the intended beneficiary." *Id.* at cmt. b.

■ Clear and convincing evidence supports reformation of the 1991 deed. That deed did not specify whether Vernon Magnuson's children were to inherit his property as joint tenants, so that the share of a child who predeceased him would pass to that child's siblings, or as tenants in common, so that the share of a predeceased child would pass to that child's heirs; nor did the 1991 deed address in any other way the situation of a predeceasing child.

The district court concluded that it was always Vernon Magnuson's intention to create a joint tenancy in his children. "In seeking to determine the donor's intention, all relevant evidence, whether direct or circumstantial, may be considered, including the text of the donative document and relevant extrinsic evidence." *Id.* at § 10.2. Three documents support the district court's conclusion. The first is the 2001 deed: it specifies joint tenancy and states that it "is given to correct" the 1991 deed.

The second is the 1999 codicil to Vernon Magnuson's will providing that, if Michael Magnuson predeceased, his share of Vernon Magnuson's estate was to be divided equally between his siblings or their descendants. The third is the affidavit of the attorney who drafted the 2001 deed, stating that Vernon Magnuson informed her that "his intention was that his three children own the [s]ubject [p]roperty as [j]oint [t]enants so that if one died, the two remaining children would receive the deceased child's interest." These three documents comprise clear and convincing evidence to support the reformation of the 1991 deed.

Appellant relies on Minn.Stat. § 500.19, subd. 2 (2002), providing that: "All grants and devises of lands, made to two or more persons, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." But complying with a statute is less important than effectuating a donor's intent. *See* Restatement (Third) of Prop.: Wills and Other Donative Transfers § 10.1 (2003) ("The controlling consideration in determining the meaning of a donative document is the donor's intention[, which] is given effect to the maximum extent allowed by law."); Restatement (Third) of Prop.: Wills and Other Donative Transfers § 12.1 cmt. c ("The trend away from insisting on strict compliance with statutory formalities is based on a growing acceptance of the broader principle that mistake, whether in execution or in expression, should not be allowed to defeat intention."). Strict compliance with Minn.Stat. § 500.19, subd. 2, would, in this instance, defeat the donor's intention.[2]

**2.** Kristine Diekmann moves to strike the July 29, 2004 affidavit of appellant's attorney on the ground that it was not before the district court, which entered the judgment on appeal on March 2, 2004. The record on appeal includes only "[t]he papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any." Minn. R. Civ.App. P. 110.01; *see also Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (this court does not

## DECISION

Clear and convincing evidence that Vernon Magnuson intended his children to take his property as joint tenants supports the district court's reformation of the 1991 deed. We affirm the summary judgment.

**Affirmed; motion granted.**

consider matters not presented to the district court). Respondent's motion to strike is granted.